USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: August 12, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND, and JOHN J.
VIRGA *in his fiduciary capacity as director,*

                    Plaintiffs,

– against –

MARTACK CORPORATION,

                    Defendants.

**OPINION AND ORDER**

15 Civ. 4454 (ER)

RAMOS, D.J.:

The Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund, and Training Program Fund ("the Funds"), along with the Mason Tenders District Council of Greater New York ("the Union"), petition the Court to confirm an arbitration award against Martack Corporation ("Martack") invoking the Court's jurisdiction under 29 U.S.C. § 185. For the reasons stated below, the Petitioners' motion is GRANTED.

I.     BACKGROUND

The Petitioners are all labor-related organizations that function for the benefit of masons in the New York City area. The Funds are employee benefit plans as defined by 29 U.S.C. § 1002(3) and multiemployer plans within the meaning of U.S.C. § 1002(37)(A). Compl. at 2, Doc. 1. The purpose of the Funds is to provide fringe benefits to eligible employees which employers contribute on their behalf pursuant to collective bargaining agreements between the Union and employers in the building and construction industry. *Id.* The Funds are established and maintained under the Amended and Restated Agreement and Declaration of Trust (the

"Trust Agreements") and are collectively administered by a Board of Trustees.  *Id.* at ¶ 1.  The Union is a labor organization based in New York.  *Id.* at ¶ 2.

The Respondent, Martack, is an employer as defined by the Trust Agreements and is bound to the terms and provisions of the Trust Agreements which require participating employers to pay contributions monthly.  *Id.* at ¶ 11.  The collective bargaining agreement binds Martack to the written terms and conditions of the Trust Agreements and the procedures that allow arbitration of claims involving allegedly delinquent fringe benefit contributions.  Mem. of Law in Supp. of Mot. 3-4, Doc. 10.

The collective bargaining agreement includes two relevant arbitration provisions.  First, Section 1 of Article X allows the Union to take legal action to collect delinquent contributions to the Funds, and the Union "may appeal the dispute to arbitration" if unresolved by the agreement's grievance procedures.  Decl. of Haluk Savci ("Savci Decl.") Ex. 2 art. X § 1(a)-(b), Doc. 9.  Second, Section 9.8 of Article IX explains the rights of the petitioners to initiate arbitration proceedings against a delinquent employer.  Savci Decl. Ex. 3 art. IX § 9.8.  The collective bargaining agreement also provides for the following specified damages:

> (1) all unpaid contributions due and payable
> (2) interest on unpaid contributions
> (3) interest on the unpaid contributions as and for liquidated damages
> (4) all attorneys' fees and costs of the action, reasonable expenses attributable to any audit of the Employer's records with respect to unpaid contributions or payments, and any other related expenses
> (5) such other legal or equitable relief as the court deems appropriate.

*Id.* at § 9.9.

The collective bargaining agreement establishes the terms and conditions of employment for all bargaining unit employees of Martack and requires that Martack pay contributions to the Funds for all employees.  Compl. ¶ 8.

Following a books and records examination, the Funds discovered that Martack had failed to pay all requisite benefit contributions on behalf of its covered employees for the period October 1, 2008 through December 25, 2011. Mem. of Law in Supp. of Mot. 4. On February 26, 2014 and then again on April 2, 2014, the Funds referred the dispute to Arbitrator Joseph Harris for arbitration. Compl. ¶ 16. On May 5, 2014, the Arbitrator sent the parties notice that the arbitration would take place on May 22, 2014. Savci Decl. Ex. 1 at 1. The first-class mail to Martack was not returned and Martack did not contact the Arbitrator or appear at the arbitration, which proceeded as a default hearing. *Id.* The Funds introduced a Payroll Audit to the Arbitrator for the period October 1, 2008 to December 25, 2011, the Funds' Demand for Payment, and USPS Certified Mail Receipts indicating delivery to Martack. Savci Decl. Ex. 1 at 2. The most current Deficiency Report for the Payroll Audit stated that Martack owed fringe benefits, dues and Political Action Committee contributions, current interest, and imputed payroll audit cost totaling $15,260.29, as of May 30, 2014. *Id.* The Funds asked the Arbitrator to rule that Martack owes the claimed money, plus ERISA statutory damages, and legal fees. *Id.* On June 8, 2014, Arbitrator Harris issued a default award in favor of the Funds ordering Martack to pay a total of $18,577.22. Compl. ¶ 18. The damages are broken down as follows:

| | |
|---|---:|
| Delinquent Contributions for Fringes | $ 10,259.66 |
| Delinquent Contributions for Dues & PAC | $ 854.60 |
| Current Interest | $ 1,435.01 |
| Audit Cost | $ 2,676.49 |
| Plus Shortage | $ 34.53 |
| ERISA Damages (20% of Outstanding Principal) | $ 2,051.93 |
| Attorney Fees | $ 500.00 |
| Pro-Rated Arbitrator Fees | $ 765.00 |
| **TOTAL** | **$ 18,577.22** |

Savci Decl. Ex. 1 at 2.

Martack did not move to vacate the default award and has not made any payments against it.  Compl. ¶ 19.  The Funds now ask the Court to confirm the default award with statutory interest to accrue from the date of the entry of judgment.  *Id.* ¶ 20.

## II.     LEGAL STANDARD

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court.  *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006).  The court is required to grant the award unless it is vacated, modified, or corrected.  *Id.* (quoting 9 U.S.C. § 9).  An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review."  *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal punctuation and quotation marks omitted).  It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal citation and quotation marks omitted).  In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits.  *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for The Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) (internal quotation and alterations omitted) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record."). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B.*

5

*Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.     THE ARBITRATION AWARD

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing arbitration award. The agreement between the parties conferred on the Funds "the right, in its sole and absolute discretion, to determine whether to initiate arbitration proceedings against a delinquent Employer." Savci Decl. Ex. 3 art. IX § 9.8. The collective bargaining agreement specified that any arbitration was to take place before one of two arbitrators, one of whom was the arbitrator assigned here, Harris. Savci Decl. Ex. 2 art. X § 1(b). Having considered the evidence, the Arbitrator issued the award, in which he carefully laid out his calculation of damages to be awarded. As such, the Arbitrator acted in accordance with the agreement in reaching his decision. There is no indication that this decision was made arbitrarily, that it exceeded the Arbitrator's jurisdiction under the agreement, or that it was contrary to law. *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

Accordingly, the Court finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the arbitration

award should be CONFIRMED.  *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced...if there is 'a barely colorable justification for the outcome reached.'" (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978))).

## IV.     POST-JUDGMENT INTEREST

The Petitioners also seek to recover post-judgment interest, which the Court grants on the full judgment amount pursuant to 28 U.S.C. § 1961(a).  *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered").

## V.      CONCLUSION

For the reasons stated above, the Petitioners' motion is GRANTED.  The arbitration award is confirmed, and the Clerk of the Court is directed to enter judgment in favor of the Petitioners in the amount of $18,577.22 against Martack Corporation.  This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 8, and close the case.

It is SO ORDERED.

Dated:     August 12, 2020
           New York, New York

_____
Edgardo Ramos, U.S.D.J.